**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4397

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMAL HICKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  Glen M. Williams, Senior District Judge.  (CR-03-10088)

Submitted:  September 30, 2005        Decided:  November 15, 2005

Before LUTTIG, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Louis Dene, DENE & DENE, P.C., Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jamal Hicks appeals his conviction and sentence on a charge of assaulting a federal correctional officer, in violation of 18 U.S.C. §§ 111(a)(1), 111(b) (2000). The district court adopted the findings set forth in the presentence investigation report, and, after applying a two-level enhancement to Hicks' base offense level pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2A2.2(b)(3)(A) (2003), he sentenced Hicks as a career offender pursuant to USSG § 4B1.1. Specifically, the district court sentenced Hicks at the low end of the calculated guidelines range to 210 months' imprisonment, three years of supervised release, and ordered him to pay restitution in the amount of $1167.52, and a $100 assessment. In so sentencing Hicks, the district court made a statement that it considered the sentencing range to be high, but that it was bound to sentence Hicks within the federal guidelines.

Hicks' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting plain error[1] by the district court pursuant to Blakely v. Washington, 542 U.S. 296 (2004), in sentencing him as a career offender, but concluding that the enhancement was properly applied by the district court and that there are no meritorious grounds for appeal. In his pro se supplemental brief, Hicks asserts claims of ineffective assistance of counsel, denial of due process, violation of his Sixth Amendment

---

[1] Because Hicks did not preserve this claim of error in the district court, we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

- 2 -

rights, and sentencing error relative to his sentence as a career offender.  In addition to consideration of the issues raised by Hicks and his counsel, in accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal not discussed herein.

We conclude that Hicks is entitled to be resentenced under United States v. Booker, 125 S. Ct. 738 (2005).[2]  Booker held that the "Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone."  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  The Supreme Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory.  Booker, 125 S. Ct. at 756-57 (opinion of Justice Breyer for the Court).  In Hughes, this court found Hughes' sentence exceeded the maximum sentence authorized by the facts found by the jury alone, in violation of Booker.  Id. at 547.  Hughes raised the issue for the first time on appeal and review was for plain error.  Id.  Under plain error review, this court found there was error, the error was plain, and the error affected Hughes' substantial rights.  Id. at 546-56 (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).  The court recognized the error because "failure to notice such an error would

_____

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Hicks' sentencing.

- 3 -

seriously affect the fairness, integrity, or public reputation of judicial proceedings." Id. at 555.

Here, the district court's enhancement by a preponderance of the evidence of Hicks' sentence for an offense that involved bodily injury pursuant to USSG § 2A2.2(b)(3)(A) clearly was a violation pursuant to Booker, because absent that enhancement, Hicks' offense level would have been two offense levels below that on which he ultimately was sentenced, with an attendant lower guidelines range. Hence, that enhancement was plain error, which this court recognizes under Booker.

Turning to the career offender enhancement, in Booker, the Supreme Court reaffirmed its prior holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. This court has held that the application of the career offender enhancement falls within the exception for prior convictions where the facts are undisputed, making it unnecessary for the district court to engage in further fact finding about a prior conviction. United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005); see Shepard v. United States, 125 S. Ct. 1254 (2005) (holding that a court's inquiry as to disputed facts in connection with a prior conviction is limited to the terms of the charging document, a plea agreement, a transcript of the plea colloquy, or a comparable judicial record). In

- 4 -

Collins, we concluded there was no Sixth Amendment violation. 412 F.3d at 523.

Hicks' assertion that his Sixth Amendment rights were violated when the district court made impermissible factual findings to classify him as a career offender survives Collins because Hicks disputes that he satisfied the requirements for career offender status. Specifically, Hicks points to the fact that one of the predicate offenses relied upon by the district court in sentencing him as a career offender was a juvenile conviction for robbery with a deadly weapon, committed when he was seventeen years of age. Here, the district court used the guidelines range from the PSR in rendering Hicks' sentence, which was predicated on Hicks' qualification as a career offender. In classifying Hicks as a career offender, the PSR in fact relied on an offense that occurred when Hicks was seventeen years of age, with an attendant conviction that occurred more than five years prior to the date of the instant conviction, for which Hicks received a probation sentence, with no imprisonment term. USSG § 4B1.1, comment. (n.1); USSG § 4A1.2(d) comment. (n.7). Moreover, this claim may transcend Booker because it appears, on its face, that the district court sentenced Hicks as a career offender based on a juvenile conviction which may have been improper, in addition to being based on the district court's fact-finding by a preponderance of the evidence, the latter of which offends Hicks' Sixth Amendment rights.

We further find that Hicks' sentence also is clearly erroneous because the district court imposed it pursuant to a mandatory guidelines scheme. In United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005), this court considered whether treating the guidelines as mandatory was plain error in light of Booker, and held that it was. However, we declined to presume prejudice, finding that a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." White, 405 F.3d at 224. Because "the record as a whole provide[d] no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed,'" id. at 223, we concluded that the error did not affect the defendant's substantial rights and affirmed the sentence. Id. at 225.

Here, in sentencing Hicks, the district court announced that it considered the guidelines range to be high, thus providing conclusive evidence to support the conclusion that had it not been constrained by the then-mandatory guidelines, it would have imposed a lower sentence. The district court's statement provides a non-speculative demonstration that the error seriously affected the outcome of Hicks' proceedings. See White at 223. Thus, the plain error standard has been met. For the foregoing reasons, we vacate Hicks' sentence and remand for further proceedings.

Hicks further asserts on appeal that both his trial and his appellate attorneys were ineffective, and that he was thereby

denied due process.  Claims of ineffective assistance of counsel should be raised by motion under 28 U.S.C. § 2255 (2000), in the district court, unless it conclusively appears from the record that counsel failed to provide effective representation.  <u>United States v. DeFusco</u>, 949 F.2d 114, 120-21 (4th Cir. 1991).  We find that it does not conclusively appear from the face of the record that Hicks' attorneys failed to provide effective representation sufficient for the claim to be cognizable on direct appeal.

Accordingly, we affirm Hicks' conviction, vacate his sentence, and remand for resentencing.  We deny Hicks' motion to relieve counsel, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>
